UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NATALIA CUSHMAN**

       Plaintiff,                             **Case No.: 8:19-cv-496-T-30SPF**

v.

**CITY OF LARGO, FLORIDA**,
a municipality, and **BRIAN LIVERNOIS**,
in his individual and official capacity

       Defendants.
_____/

## SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff, NATALIA CUSHMAN, (hereinafter referring to as "Plaintiff"), by and through her undersigned counsel and sues Defendants, CITY OF LARGO, a municipal corporation (hereinafter referred to as "Defendant LPD"), BRIAN LIVERNOIS, in his individual capacity (hereinafter referred to as "Defendant Livernois"), and seeks damages against Defendants, and for any other and further relief that this Court deems just and proper, and states as follows:

## PARTIES

1. The Plaintiff, NATALIA CUSHMAN ("Plaintiff"), is a resident of the City of Largo, in Pinellas County, Florida.

2. The Defendant, CITY OF LARGO, a municipal corporation ("Defendant LPD"), is a political subdivision of the State of Florida located in Pinellas County and through its law enforcement agency, the Largo Police Department, is responsible for the policies and conduct of its officers, including Defendant Livernois. Defendant LPD is responsible for the training and supervision of Defendant Livernois. The City of Largo has the responsibility for establishing and

implementing policies, practices, procedures, and customs used by law enforcement officers employed by the Largo Police Department's Office regarding arrests and the use of force.

3. Defendant Livernois is a police officer who is employed by Defendant LPD, is over the age of 18 and on information and belief is a resident in or conducts business in Largo, Pinellas County, Florida and is being sued in his individual capacity.

4. Largo Police Department is the law enforcement agency for Defendant City of Largo (hereinafter referred to as "Defendant LPD").

## JURISDICTION AND VENUE

5. Jurisdiction of this Court in invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 42 U.S.C. §§ 1983 and 1988.

6. The Court has jurisdiction to declare the rights and legal relations of the parties and to order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court is authorized to issue relief pursuant to 42 U.S.C. §§ 1983 and 1988.

7. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Defendants, and their actions alleged in this complaint, are present in the Middle District of Florida. The events giving rise to Plaintiff's claim occurred in this District.

8. This action brought pursuant to 42 U.S.C. §1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory…subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

9. Pursuant to §768.28(6)(a), Florida Statutes, Plaintiff has notified Defendant LPD of her claims six months or more prior to the filing of this action and said claims were not resolved.

Plaintiff has fully complied with §768.28(6)(a), including providing notice and service, if applicable, to the Department of Insurance. Specifically, the undersigned counsel served City of Largo with a letter dated November 9, 2016 as a proper Notice of Claim under Florida Statues 768.28. A response dated November 18, 2016, signed by City of Largo, Mary Bossone, Risk Manager, stating that the Plaintiff's letter was received but allegedly did not comply with the statute. Subsequently, City of Largo was served a second letter dated August 22, 2017, as a modified Notice of Claim. Proof of USPS delivery by certified mail confirms delivery on August 25, 2017 at 8:03 am. Subsequently, several unsuccessful attempts to resolve this matter were made to City of Largo. Furthermore, each government entity has failed to acknowledge and therefore has denied liability.

10. All conditions precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

## GENERAL ALLEGATIONS

11. On January 2, 2016, on or about 4:00 pm, Plaintiff, Ms. CUSHMAN, was at a local L.A. Fitness gym, located at 1229 Missouri Avenue North, Largo, Florida 33770, where Plaintiff frequently visited.

12. On or about the same time, a uniformed officer, BRIAN LIVERNOIS (#481) was conducting a criminal investigation for battery at the L.A. Fitness Center in response to a service call.

13. Officer proceeds to enter woman's bathroom where Plaintiff, approximately sixty (60) year old woman, was sitting without her clothes or shoes on, wrapped only in a sheet.

14. Officer made no attempt to assess the circumstances for which he was dispatched to the L.A. Fitness gym and instead immediately approached Plaintiff and ordered her to stand up.

15. Complying with the order, while standing up, the Plaintiff asks the Officer, "Why are you here in the women's locker room?"

16. Officer responded: "You will be arrested, and you will find your answers in jail" while at the same time grabbing the right hand of the plaintiff, twisting it to her back and handcuffing just the right hand.

17. Immediately after, Officer grabbed and twisted Plaintiff's left hand and pushed her face forcefully into the nearby locker door.

18. Plaintiff felt excruciating pain in her chest area and told the Officer about it. As a result, Officer pushed her down on the bench while ordering her to sit. At this time, Officer requested the front desk staff to help the Plaintiff get her leggings on.

19. Plaintiff asked to wear her underwear first. In response, Officer said: "If you want your underwear, then you are going to jail naked in your sheet."

20. At no point did Officer notify the Plaintiff what she was being arrested for. Officer made no attempt to request Plaintiff's identification prior to conducting arrest. At no point did the Officer read Plaintiff her Miranda rights.

21. Officer proceeded to drag Plaintiff out of the gym while still wearing only the sheet, with no shoes on, to the Police car outside.

22. Plaintiff, still in handcuffs, seated in the Police car, started having difficulties breathing. English is not Plaintiff's first language, but she tried to tell the Officer she was not able to breathe properly the best she could.

23. After the Plaintiff's arrest, Plaintiff, still without clothing and shoes, was taken to Largo Medical Center where she was diagnosed with a sprained wrist and contusions which occurred as a result of this arrest.

24. The medical records from Largo Medical Center indicate that a sprained wrist is a tear or partial tear in the ligament and that a contusion occurs when something strikes or hits the body. The Plaintiff's body was covered with numerous contusions, which were photographically documented.

25. These injuries occurred as a result of the arrest that took place on the above date and location.

26. Plaintiff was charged with resisting with violence. Plaintiff had never been arrested prior to this incident and this has caused her extreme emotional distress.

27. Plaintiff had to spend a night in jail and had to obtain criminal defense counsel.

28. Subsequently, the Plaintiff was released on bond the following day. However, the Pinellas County State Attorney's Office investigating the case determined that "the facts and circumstances revealed did not warrant prosecution." (See Pinellas County State Attorney No Information Feb. 19, 2016 attached to this Complaint as Exhibit A). Pinellas County State Attorney has determined that the arrest of Plaintiff had been without probable cause.

29. Furthermore, Liudmila Smeth Buell (Date of Birth, 2/7/1979), the actual perpetrator of the incident leading to the police involvement, was actively prosecuted as she, and not the Plaintiff, was the one who committed certain unlawful acts at the L.A. Fitness.

## COUNT I – FALSE ARREST/FALSE IMPRISONMENT AND DETENTION
### (CITY OF LARGO)

COMES NOW, Plaintiff, NATALIA CUSHMAN, (hereinafter referred to as Plaintiff), by and through her undersigned counsel, and sues Defendant CITY OF LARGO, a municipal corporation of the State of Florida (hereinafter referred to as "Defendant LPD"), and in support thereof states as follows:

30. This is an action for false arrest/false imprisonment and detention against Defendant LPD and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000).

31. Plaintiff realleges the allegations contained in paragraphs 1 through 29 above, as if fully set forth herein and further.

32. On or about January 2, 2016, Defendant LPD, through Largo Police Department, its employees and agents acting in the course and scope of their duties as police officers, deprived Plaintiff of her freedom and liberty and restrained her in her movements at the scene of the initial arrest and detention and continuing until the time she was released from Pinellas County jail.

33. Plaintiff did not consent to the aforementioned actions of Defendant LPD, its employees and agents, and said actions are against the will of Plaintiff.

34. The restraint of Plaintiff by Defendant LPD through its employees and agents acting in the course and scope of their duties as police officers was unlawful, was not based upon any lawfully issued process of court and Defendant LPD did not have a valid warrant for the arrest of Plaintiff. No proper investigation took place, officer failed to establish probable cause, or even arguable probable cause, before making an arrest.

35. As a direct result of Defendant LPD's actions through its agents and employees for which Defendant LPD is responsible, Plaintiff has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputations, the physical and emotional aspects of which continue to this day and are likely to continue into the future.

WHEREFORE, for the foregoing reasons, Plaintiff, NATALIA CUSHMAN, respectfully requests this Court to enter judgment against Defendant, CITY OF LARGO, a municipal corporation of the State of Florida, for damages and costs in the prosecution of this matter and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II – MALICIOUS PROSECUTION
### (DEFENDANT LIVERNOIS)

COMES NOW, Plaintiff, NATALIA CUSHMAN (hereinafter referred to as "Plaintiff") by and through her undersigned counsel, and sued Defendant, BRIAN LIVERNOIS, in his individual capacity (hereinafter referred to as "Defendant Livernois"), and in support thereof states as follows:

36. This is a cause of action for malicious prosecution against Defendant Livernois and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000).

37. Plaintiff realleges the allegations contained in paragraphs 1, 3 and 11 through 29 as if fully set forth herein.

38. Defendant Livernois owes a duty of care to the citizenry in general, and specifically in this case, he owed a duty of care to Plaintiff.

39. On January 2, 2016 Defendant Livernois, with malicious purpose, cause a prosecution to be instituted against Plaintiff.

40. Said prosecution was instituted without probable cause due to the facts observed by Defendant Livernois prior to arresting Plaintiff, and the matters which moved him to institute the aforementioned prosecution would not have warranted a reasonable man to believe that any criminal offense had been committed by Plaintiff.

41. There was absence of probable cause to arrest and detain Plaintiff.

42. There were no exigent circumstances when Defendant Livernois entered the women's locker room area. There was no need for use of any force.

43. Defendant Livernois had ample opportunity to ask questions, identify parties and witnesses and arrest appropriate parties if necessary. However, Defendant Livernois elected not to do so.

44. The Prosecution against Plaintiff was terminated in favor of Plaintiff on February 19, 2016 when Pinellas County State Attorney filed No Information Notice with the Court. The determination of prosecution constituted a bona fide termination of that proceedings in favor of the present Plaintiff, that there was an absence of probable cause to arrest Plaintiff.

45. Defendant Livernois acted maliciously and in bad faith against the Plaintiff at all times mentioned herein. No prosecution of Plaintiff would have occurred but for the actions of Defendant Livernois.

46. As a result of Defendant Livernois's actions, Plaintiff has suffered damages which include physical inconvenience, physical discomfort, pain and injury, medical expenses, loss of time, mental suffering and humiliation, disgrace and injury to her reputation, the emotional and physical aspects which are continuing to this day and are likely to continue into the future.

WHEREFORE, for the foregoing reasons, Plaintiff, NATALIA CUSHMAN, respectfully requests this Court to enter Judgment against Defendant, BRIAN LIVERNOIS, in his individual

capacity, for damages and costs in the prosecution of this matter, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff reserves the right to amend this Complaint pursuant to Section 768.72, Florida Statutes to seek an award of punitive damages to punish Defendant, for the conduct, which would deter him and others from such conduct in the future.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (DEFENDANT LIVERNOIS)

COMES NOW, Plaintiff, NATALIA CUSHMAN (hereinafter referred to as "Plaintiff") by and through her undersigned counsel, and sues Defendant BRIAN LIVERNOIS, in his individual capacity (hereinafter referred to as "Defendant Livernois"), and in support thereof states as follows:

47. This is a cause of action for intentional infliction of emotional distress against Defendant Livernois and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000).

48. Plaintiff realleges the allegations contained in paragraphs 1, 3 and 11 through 29 as if fully set forth herein.

49. Defendant Livernois owes a duty of care to the citizenry in general, and specifically in this case, he owes a duty of care to Plaintiff.

50. Defendant Livernois caused Plaintiff to be unduly incarcerated and subjected to undue prosecution. Defendant Livernois wrongfully assaulted and battered Plaintiff and a result caused her severe emotional and physical distress.

51. Defendant Livernois pushed a 60-year-old female Plaintiff against a locker, forcibly removed Plaintiff in such a manner that caused the Plaintiff to be taken to Largo Medical Center naked and barefoot, where the doctor determined she suffered a sprain and significant contusions throughout her body.

52. Defendant Livernois knew or should have known that the aforementioned acts would result in severe emotional distress to Plaintiff.

53. There was no probable cause for the assault, battery and subsequent arrest of Plaintiff.

54. Defendant Livernois intended his behavior and he knew or should have know the emotional distress that was likely to result.

55. Defendant Livernois' conduct was outrageous, beyond all bounds of decency, atrocious and utterly intolerable in a civilized community. The conduct caused severe emotional distress. Plaintiff has never been arrested prior to this incident, has never been humiliated to appear naked in only a bedsheet in public and the aforementioned acts caused extreme emotional distress to her person as well as causing her to obtain an arrest record.

56. As a result of Defendant Livernois' actions, Plaintiff has suffered damages which include physical inconvenience, physical discomfort and pain, medical expenses, loss of time, mental suffering and humiliation, disgrace and injury to her reputation, the emotional and physical aspects which are continuing to this day and are likely to continued into the future.

WHEREFORE, for the foregoing reasons, Plaintiff, NATALIA CUSHMAN, respectfully requests this Court to enter judgment against Defendant, BRIAN LIVERNOIS, in his individual capacity, for damages and costs in the prosecution of this matter, and for such other and further relief as this Court deems just and proper under circumstances. Further, Plaintiff reserves the right to amend this Complaint pursuant to Section 768.72, Florida Statutes to seek an award of punitive damages to punish Defendant Livernois for his conduct, which would deter him and others from such conduct in the future.

**COUNT IV – BATTERY**

**(CITY OF LARGO)**

COMES NOW, Plaintiff NATALIA CUSHMAN (hereinafter referred to as "Plaintiff") by and through her undersigned counsel, and sues Defendant, CITY OF LARGO, a municipal corporation of the State of Florida (hereinafter referred to as "Defendant LPD"), and in support thereof states as follows:

57. This is a cause of action for battery against Defendant LPD, and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000).

58. Plaintiff realleges the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

59. Without justification and in violation of Plaintiff's rights, Defendant LPD, through the actions of its officers and agents acting in the course and the scope of their employment, caused Plaintiff to suffer a harmful and offensive contact.

60. At all relevant times Defendant LPD, through the actions of its officers, agents or employees, intended to cause harm or offensive conduct to Plaintiff, which in fact occurred.

61. As a direct and proximate result of the offensive conduct, Plaintiff has suffered damages at the hands of the Defendant LPD.

62. Plaintiff will require medical treatment in the future and as a result will incur additional medical expenses for said treatment.

63. Defendant LPD was without legal justification to cause the offensive conduct.

WHEREFORE, for the foregoing reasons, Plaintiff, NATALIA CUSHMAN, respectfully requests this Court to enter judgment against Defendant CITY OF LARGO, a municipal corporation of the State of Florida, for all compensatory damages, all costs of this action, and for such other and further relief as this Court deems just and proper under circumstances.

## COUNT V – BATTERY
### (DEFENDANT LIVERNOIS)

COMES NOW, Plaintiff, NATALIA CUSHMAN (hereinafter referred to as "Plaintiff") by and through her undersigned counsel, and sues Defendant, BRIAN LIVERNOIS, in his individual capacity (hereinafter referred to as "Defendant Livernois") and in support thereof states as follows:

64. This is an action for battery against Defendant Livernois for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000).

65. Plaintiff realleges the allegations contained in paragraphs 1, 3 and 11 through 29 as if fully set forth herein.

66. On January 2, 2016 Defendant Livernois unlawfully touched, struck and battered Plaintiff against the will of Plaintiff and without Plaintiff's consent.

67. Defendant Livernois acted in bad faith and with malicious purpose when he touched, struck and battered Plaintiff. Defendant Livernois intended to cause damages with his actions.

68. As a direct result of said battery, Plaintiff has suffered damages which include physical suffering, physical inconvenience, physical discomfort and pain, medical expenses, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

69. Plaintiff will require medical treatment in the future and as a result will incur additional medical expenses for said treatment.

WHEREFORE, for the foregoing reasons, Plaintiff, NATALIA CUSHMAN, respectfully requests this Court to enter judgment against DEFENDANT LIVERNOIS, in his individual capacity and for damages and costs for prosecution of this matter and for such other further relief as this Court deems just and proper under the circumstances. Further, Plaintiff NATALIA CUSHMAN, reserves the right to amend this Complaint pursuant to Section 768.72, Florida Statutes to seek and award of punitive damages to punish Defendant Livernois, for the conduction which would deter him and others from such conduct in the future.

### **COUNT VI – 42 U.S.C.§1983 – NEGLIGENT TRAINING AND SUPERVISION**
### **(CITY OF LARGO)**

COMES NOW, Plaintiff, NATALIA CUSHMAN, (hereinafter referred to as "Plaintiff") by and through her undersigned counsel, and sues Defendant, CITY OF LARGO, a municipal corporation of the State of Florida (hereinafter referred to as "Defendant LPD"), and in support thereof states as follows:

70. This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendant LPD, and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000).

71. Plaintiff realleges the allegations contained in paragraphs 1 through 29 set forth herein.

72. Plaintiff has a right under the United States Constitution to be secure from unlawful search and unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

73. Plaintiff also has the right under United States Constitution to be free from the use of excessive force and battery.

74. Plaintiff also has the right to be free from violations of her constitutional rights.

75. On January 2, 2016, Defendant LPD through its employees and agents, acting in the course and scope of their duties as police officers, under the color of law deprived Plaintiff of her rights under the United States Constitution in violation of 42 U.S.C. §1983 in that without probable cause that Plaintiff had committed a violation of law, illegally arrested, handcuffed, battered or caused Plaintiff to be arrested and deprived of her liberty thereby causing Plaintiff physical and emotional pain and suffering. Further, Defendant LPD, its employees and agents acting in the course and scope of their duties as police officers went beyond the call of duty when arresting Plaintiff without probable cause.

76. The primary, obvious and sole purpose of the illegal and wrongful detention, battery and unlawful restraint of Plaintiff was to infringe upon Plaintiff's constitutional rights. As a result, Plaintiff was deprived of her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Plaintiff to an award of damages for a loss of those rights and the damages that result therefrom.

77. Defendant LPD, through the LPD, its employees and agents acting in the course and scope of their duties as police officers, took the actions complained of above with the knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiff. The acts of the Defendant LPD violated the constitutional rights of Plaintiff.

78. Defendant LPD, its employees and agents acting in the course and scope of their duties as police officers, knew that their actions would deprive Plaintiff of her constitutional rights but proceeded with their unlawful actions with willful disregard for the consequences of their actions.

79. Defendant LPD is responsible for the acts of its police officers.

80. Defendant LPD had a custom, policy and practice in place that allowed police officers to use excessive force in unlawful situations.

81. Defendant Livernois followed the policy, custom and practice of Defendant LPD when he used unnecessary and excessive force, physically injured Plaintiff by manhandling, physically pushing and forcing Plaintiff to walk barefoot and naked with nothing but a bedsheet on.

82. The actions of Defendant Livernois were done under the color of law pursuant to the official policy, customs and practice of Defendant LPD.

83. Defendant Livernois had improper or inadequate level of training and supervision from Defendant LPD and the requirements of the United States Constitution and the requirements for proper arrest procedures and proper use of force.

84. Defendant LPD's policies, customs and procedures were the driving force causing Defendant Livernois to use unnecessary and excessive force and arrest Plaintiff.

85. Defendant LPD approved or ratified the unlawful and deliberate conduct of Defendant Livernois.

86. Defendant LPD has previously been put on notice for various allegations of use of excessive force, warrantless arrests, arrests without probable cause and other similar violations of their Officers.

87. Defendant LPD has been previously sued for similar acts of their police officers.

88. As a result of Defendant LPD's lack of proper hiring, proper training and supervising, Plaintiff has suffered damages including but not limited to emotional damage, damage suffered to her reputation and all other damages associated with Plaintiff's arrest which exist to this day and which emotional suffering and damage is likely to continue into the future.

89. Plaintiff has also suffered damages as a result of her Fourth, Fifth and Fourteenth Amendment rights being violated.

90. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant LPD a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, NATALIA CUSHMAN, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against the City of Largo, a municipal corporation, and to award Plaintiff her attorney fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.

## COUNT VII - 42 U.S.C. §1983
## (FOURTH AND FOURTEENTH AMENDMENT)
### (DEFENDANT LIVERNOIS)

COMES NOW, Plaintiff, NATALIA CUSHMAN (hereinafter referred to as "Plaintiff") by and through undersigned counsel, and sues Defendant BRIAN LIVERNOIS, in his individual capacity (hereinafter referred to as "Defendant Livernois"), and in support thereof states as follows:

91. This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendant Livernois and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000).

92. Plaintiff realleges the allegations contained in paragraphs 1 through 8, and 11 through 29, as if fully set forth herein.

93. Plaintiff has the right under the United States Constitution to be secure from unlawful searches or unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

94. Additionally, Plaintiff has the right under the United States Constitution and the Constitution of the State of Florida to be free from the use of excessive force and battery.

95. Plaintiff also has a right to be free from wrongful arrest and prosecution.

96. On January 2, 2016, Defendant Livernois, under the color of law and as a uniformed agent and employee of Defendant LPD, deprived Plaintiff of her rights under the United States

Constitution and the Constitution of the State of Florida, in violation of law, illegally arrested, battered, handcuffed, or caused Plaintiff to be arrested and battered and deprived of her liberty, thereby causing Plaintiff physical and emotional pain and suffering.

97. The primary, obvious and sole purpose of the illegal and wrongful detention and unlawful restraint of Plaintiff was to deprive and infringe upon Plaintiff's constitutional rights. As a result, Plaintiff was deprived of her rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and the damages that resulted therefrom.

98. Defendant Livernois took the actions that were in direct violation of the United States Constitution and the rights of Plaintiff. The acts of Defendant Livernois violated the clearly established constitutional rights of Plaintiff, rights of which every reasonable member of the public or governmental entity should have known.

99. As a direct result of Defendant Livernois' actions, Plaintiff has suffered damages, including but not limited to, physical inconvenience, physical discomfort, pain and injury, physical suffering, medical expenses, emotional damage, mental suffering, damage suffered to her reputation, and all other damages associated with Plaintiff's arrest, which exist to this day and which emotional suffering and damage is likely to continue into the future.

100. Plaintiff has also suffered damages as a result of her First, Fourth, Fifth and Fourteenth Amendment rights being violated.

101. In additional, for these, the wrongful arrest and prosecution of Plaintiff, Defendant Livernois lied on his arresting affidavit. The false statements made by Defendant Livernois include that Plaintiff tried to swing with her left arm and that Plaintiff disregarded a verbal command. All of the above statements were false and known by Defendant Livernois to be false when made.

102. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant Livernois a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, NATALIA CUSHMAN, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter a ward of damages against Defendant BRIAN LIVERNOIS, in his individual capacity and to award Plaintiff her attorney fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws. Further, Plaintiff requests punitive damages against Defendant Livernois, individually, for his conduct, which would deter him and others from such conduct in the future.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 1.430(a), Florida Rules of Civil Procedure and Rule 38 of the Federal Rules of Civil Procedure for all issues so triable.

Dated this 23rd day of April, 2019.

Respectfully submitted,

s/ Katerina Kurbatova
Katerina Kurbatova, Esq.
*Attorney for Plaintiff*
Florida Bar Number: 102703
Law Offices of Smith & Kurbatova
5570 S. US. HWY 17-92
Casselberry, FL 32707
kkurbatova@smithkurbatova.com

and

s/Parisa Smith
Parisa Smith, Esq.
*Attorney for Plaintiff*
Florida Bar No. 102850
Law Offices of Smith & Kurbatova
5570 S. US. HWY 17-92
Casselberry, FL 32707
psmith@smithkurbatova.com