# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

NATALIA CUSHMAN,

    Plaintiff,

v.                                                      Case No: 8:19-cv-496-T-30SPF

CITY OF LARGO, FLORIDA and
BRIAN LIVERNOIS, in his individual
capacity,

    Defendants.

_____

## ORDER

This cause is before the Court on Defendants' Motions to Dismiss (Dkts. 13, 21) and Plaintiff's Responses in Opposition (Dkts. 20, 25). Upon review of these filings, and being otherwise advised in the premises, the Court grants Defendant City of Largo's motion and denies Defendant Brian Livernois's motion, except for the intentional infliction of emotional distress claim.

## BACKGROUND

Plaintiff Natalia Cushman is suing the City of Largo and Brian Livernois, in his individual capacity, for alleged constitutional violations and related state law tort claims based on her arrest at a L.A. Fitness Gym. The Court has twice dismissed Cushman's complaint as a shotgun pleading. So this is Cushman's third attempt to properly plead her claims. The relevant facts of the second amended complaint, which is the operative complaint, now follow.

Cushman was approximately sixty years old at the time of the subject incident. Specifically, on January 2, 2016, at about 4:00pm, she was at a local L.A. Fitness gym,

located in Largo, Florida. Around this same time, Officer Brian Livernois was conducting an investigation into an alleged battery that had occurred at the gym. Officer Livernois entered the woman's bathroom where Cushman was sitting without any clothes or shoes on, wrapped in only a sheet. Officer Livernois "made no attempt to assess the circumstances for which he was dispatched to the L.A. Fitness gym and instead immediately approached [Cushman] and ordered her to stand." (Dkt. 10 at ¶14).

Cushman complied with Officer Livernois's order and stood; while standing she asked him why he was in the woman's locker room. Officer Livernois responded: "You will be arrested, and you will find your answers in jail." At the same time, he grabbed her right hand, "twisting it to her back and handcuff[ed] just the right hand." *Id.* at ¶16. Then, Officer Livernois grabbed and twisted Cushman's left hand and pushed her face forcefully into a nearby locker door.

Cushman felt excruciating pain in her chest area and told Officer Livernois she was experiencing pain. He pushed her down on the bench and requested the front desk staff to help Cushman put on her leggings. Cushman asked to wear her underwear first. Officer Livernois said: "If you want your underwear, then you are going to jail naked in your sheet." *Id.* at ¶19.

Officer Livernois never told Cushman why she was being arrested. He never requested her identification prior to conducting the arrest. He dragged Cushman out of the gym and put her in his police car. Cushman was wearing only the sheet. She was not wearing shoes. Cushman began to experience difficulty breathing. English is not her first language, but she tried to tell Officer Livernois that she was unable to breathe. She

remained in handcuffs during this time.

After Cushman's arrest, she was taken to Largo Medical Center where she was diagnosed with a sprained wrist and contusions related to the force Officer Livernois used during the arrest. Her body was covered with numerous contusions.

Cushman was charged with resisting arrest with violence. She had never been arrested prior to this incident. Cushman spent a night in jail and had to obtain criminal defense counsel. The next day, she was released on bond. Subsequently, the Pinellas County State Attorney's Office investigated the case and determined that "the facts and circumstances" did not warrant prosecution. *Id.* at ¶28.

Cushman alleges that Liudmila Smeth Buell (with a date of birth of 2/7/79) was the actual perpertrator of the incident leading to Cushman's unlawful arrest. This case is at issue upon Defendants' motions to dismiss.

## **MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## DISCUSSION

### I. The City of Largo's Motion

The City of Largo argues that the second amended complaint is still too conclusory to state a cause of action against it pursuant to Rule 12(b)(6). The Court agrees. Cushman fails to state sufficient facts supporting municipal liability under Section 1983. Similarly, the tort claims against the City merely recite the legal elements in a conclusory fashion. Because this is Cushman's third attempt to adequately plead these claims, the Court will dismiss them with prejudice.[1]

---

[1] Notably, the tort claims against the City also fail to state a claim for the separate reason that they are barred under Fla. Stat. §768.28(9)(a) because Cushman alleges that Officer Livernois acted in bad faith and with "malicious purpose" when he battered her.

## II. Officer Livernois's Motion

Officer Livernois first argues in a rather conclusory fashion that the section 1983 claim against him, individually, fails because he is entitled to qualified immunity. At this stage, the Court disagrees.

Recently, the Eleventh Circuit, in *Sebastian v. Ortiz*, No. 17-14751, 2019 WL 1187012, at *3 (11th Cir. March 14, 2019), addressed the denial of a motion to dismiss asserting qualified immunity, and explained:

> Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). It is designed to permit officials to perform their discretionary duties "without the fear of personal liability or harassing litigation." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). The doctrine therefore "protect[s] from suit 'all but the plainly incompetent or one who is knowingly violating the federal law.'" *Id.* (quoting *Willingham v. Loughnan*, 261 F.3d 1178, 1187 (11th Cir. 2001), vacated 537 U.S. 801, 123 S.Ct. 68, 154 L.Ed.2d 2 (2002) ). Because qualified immunity protects officials from suit as well as liability, courts must determine the validity of a claimed qualified immunity defense at the earliest possible time. *Id.*
>
> To deny qualified immunity at the motion to dismiss stage, we must conclude both that the allegations in the complaint, accepted as true, establish a constitutional violation and that the constitutional violation was "clearly established." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). For these purposes, clearly established law consists of holdings of the Supreme Court, the Eleventh Circuit, or the highest court of the relevant state. *See Jenkins v. Talladega City Bd. of Educ.*, 115 F.3d 821, 826 n.4 (11th Cir. 1997). A "public official 'must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred'" to receive the benefit of qualified immunity. *Lee*, 284 F.3d at 1194 (quoting *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991)).

Upon review of the second amended complaint, Cushman presented sufficient allegations to state a false arrest claim in violation of the Fourth Amendment. First, it is important to note that there is no dispute that Officer Livernois was acting within the scope of his discretionary authority when he arrived at the gym and arrested Cushman. Second, assuming the truth of the allegations, Cushman's arrest was completely unprovoked. Cushman, a sixty-year-old woman at the time, was simply in the women's locker room, unclothed, except for a sheet, when Officer Livernois forcefully arrested her. She was not violent, she did not resist arrest, and Officer Livernois made no attempt to determine her identity.

Notably, the Eleventh Circuit acknowledged in *Sebastian* that any degree of force related to an *illegal* or *unlawful* arrest is excessive. *See* 918 F.3d at 1308 (citing *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000) ("[I]f a stop or arrest is illegal, then there is no basis for any threat or any use of force ....")). Officer Livernois's motion, however, misses this nuance. He argues that the force associated with the arrest was merely *de minimis*. The cases related to *de minimis* force assume an arrest that was based on arguable probable cause. At this stage, the Court cannot say whether the arrest was lawful. So the Court also cannot say whether the force he used was excessive.

The Court also concludes that the battery and malicious prosecution claims are properly pled. Notably, Cushman alleges, with respect to the malicious prosecution claim, that Officer Livernois initiated her prosecution. The charges were terminated in Cushman's favor on February 19, 2016. She also avers that Officer Livernois acted maliciously and in bad faith during her prosecution.

The Court will dismiss the intentional infliction of emotional distress claim with prejudice because the allegations do not state the requisite "outrageous conduct" required under Florida law. *See Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant City of Largo's Motion to Dismiss (Dkt. 13) is granted.

2. Defendant Brian Livernois's Motion to Dismiss (Dkt. 21) is denied, except for the intentional infliction of emotional distress claim.

3. All claims against Defendant City of Largo are dismissed with prejudice.

4. All claims against Defendant Brian Livernois remain, except for Count III, which is dismissed with prejudice.

5. Defendant Brian Livernois shall file an answer within fourteen (14) days of this Order.

6. Plaintiff and Defendant Brian Livernois shall file their joint case management report within thirty (30) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2019.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record