UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATALIA CUSHMAN

    Plaintiff,

v.                                                    Case No. 8:19-cv-496-T-30SPF

CITY OF LARGO FLORIDA,
and BRIAN LIVERNOIS

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Defendant Livernois' Motion to Compel Plaintiff to Serve Complete Initial Disclosures and Respond to Discovery (Doc. 32). Plaintiff has not responded to the motion, and the time to do so has expired. *See* L.R. 3.01(b), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service). Therefore, the motion is deemed unopposed. *See Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed).

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery and provides, in relevant part, that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Upon reviewing the outstanding discovery requests, the Court grants the motion to compel as to Request Nos. 1, 2, 3, 4, 5, 6 ,7, 8, 9, 14, 15, 16 and 17, because the Court finds that those requests seek documents relevant to Plaintiff's claims and are proportional to the needs of the case. With respect to Request Nos. 10 and 12, the motion to compel is granted only to the extent that Plaintiff shall provide any and all documents relating to medical treatment or medication provided to Plaintiff to treat any injury allegedly sustained as a result of Defendant Livernois' wrongful conduct. In addition, Plaintiff shall provide any and all documents relating to medical treatment or medication provided to Plaintiff to treat any wrist injury from 2009 to present. The motion to compel as to Requests No. 10 and 12 is denied as either irrelevant or not proportional to the needs of the case. Likewise, the motion to compel as to Request Nos. 11 and 13 is denied as either irrelevant or not proportional to the needs of the case.

In addition, the Federal Rules of Civil Procedure require Plaintiff to disclose "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiff is ordered to supplement her initial disclosure to provide a complete calculation of her economic damages. Plaintiff is not

2

required to provide a calculation for her noneconomic damages; however, the failure to do so may result in Plaintiff being precluded from suggesting an amount or range to the finder of fact. *See, e.g. Nagele v. Delta Air Lines, Inc.*, No. 17-22559-CIV, 2017 WL 6398337, at *2 (S.D. Fla. Dec. 13, 2017) (holding that plaintiff was not required to provide a computation for non-economic damages where she had stipulated that she did not intend to ask the jury for a specific dollar amount or range); *Gray v. Florida Dept. of Juvenile Justice*, No. 3:06-cv-990-J020MCR, 2007 WL 295514, at *2 (M.D. Fla. Jan. 30, 2007) (holding that plaintiff was not required to provide defendant with a calculation of her suggested compensatory damages for emotional distress but she would be precluded from suggesting to the jury an amount of compensatory damages for her emotional distress).

Defendant Livernois also requests costs and attorney's fees associated with bringing its motion. Rule 37(a)(5), Federal Rules Civil Procedure, provides the framework for consideration of Defendant's request and provides, in relevant part,

> If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising such conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A); *see also Devaney v. Cont'l Am. Ins. Co.,* 989 F.2d 1154, 1159 (11th Cir. 1993) (noting that "[t]he rule was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been

3

substantially justified."). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Hill v. Emory Univ.*, 346 F. App'x 390, 392 (11th Cir. 2009) (per curiam) (quoting *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)) (internal quotation marks omitted). "The burden of establishing substantial justification is on the party being sanctioned." *Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.,* 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on other grounds by Cunningham v. Hamilton Cty.,* 527 U.S. 198 (1999). There being no response filed by Plaintiff, much less a substantial justification for her failure to timely respond to Defendant's discovery requests, an award of expenses is appropriate.

Accordingly, it is hereby

**ORDERED**:

1. Defendant Livernois' Motion to Compel Plaintiff to Serve Complete Initial Disclosures and Respond to Discovery (Doc. 32) is granted as follows:

    a. Plaintiff shall produce all responsive documents to Request Nos. 1, 2, 3, 4, 5, 6 ,7, 8, 9, 14, 15, 16 and 17.

    b. With respect to Request Nos. 10 and 12, Plaintiff shall provide any and all documents relating to medical treatment or medication provided to Plaintiff to treat any injury allegedly sustained as a result of Defendant Livernois' wrongful conduct. In addition, Plaintiff shall provide any and all documents relating to medical treatment or medication provided to Plaintiff to treat any wrist injury from 2009 to present.

c. Plaintiff shall supplement her initial disclosure to provide a complete calculation of her economic damages.

   d. Plaintiff shall serve Defendant Livernois with the discovery responses and supplemental disclosure within 14 days of the date of this Order without objection.

2. Defendant's request for costs and attorney's fees incurred in filing his Motion to Compel Plaintiff to Serve Complete Initial Disclosures and Respond to Discovery (Doc. 32) is granted. Within 14 days of the date of this Order, Defendant shall file with the Court an affidavit setting forth the reasonable costs and fees incurred with respect to filing its motion. Plaintiff shall have 14 days from the filing of Defendant's affidavit to object to the fees and costs claimed.

3. Defendant Livernois' Motion to Compel Plaintiff to Serve Complete Initial Disclosures and Respond to Discovery (Doc. 32) is otherwise denied.

**ORDERED** in Tampa, Florida, on October 11, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE